[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated July 27, 1999, the plaintiffs are seeking an injunction, compensatory damages and a judgment quieting title to certain premises of the defendants.
On October 19, 1999, the defendants filed their answer and revised counterclaim seeking judgment quieting title to their premises. The plaintiffs filed its answer thereto on October 28, 1999.
The issues having been joined a trial was held to the court.
The plaintiffs, Stuart F. Keating, Jr. and Brenda F. Keating, own real property located at, and known as, 81 Old Farms Road in Durham, Connecticut, which premises are more fully described in a deed recorded in the Durham Land Records at Vol. 79, page 476.
The defendants, William B. Mayer and Linda L. Mayer own real property CT Page 2662 with the improvements located at, and known as, 93 Old Farms Road in the Town of Durham, Connecticut, which premises are more fully described in a deed recorded in the Durham Land Records at Vol. 80, page 139.
At all times mentioned herein, the said properties of the plaintiffs and defendants are shown and designated as Lots 45 and 46, respectively, as they more fully appear on a survey map, filed and recorded in the Durham Land Records entitled "Preliminary and Final Plan Stage Coach Village Section Four "B" Owner and Developer The Johnson Const. Co. Durham, Connecticut Scale 1" = 50' October 5, 1970."
At all times mentioned herein, the said properties of the plaintiffs and the defendants shared a common or mutual boundary line running generally east to west from Old Farms Road, which line is the southerly line of the plaintiffs' property and the northerly line of the defendants' property.
Because of intrusions upon that land by persons trespassing over same, the parties agreed to erect a fence in order to discourage such usage and did so in the summer of 1983.
The plaintiffs claimed that the subdivision map designating the property lines of the parties was in error and made claim to a portion of the premises of the defendants south of their line as shown on said map.
The defendants entered into an agreement with regard to their mutual boundary with the plaintiffs that differed from the subdivision map.
However, the defendants, in order to be certain as to the location of their northerly line, had their property surveyed by George Firth, a licensed land surveyor. The resulting survey agreed in all respects with the recorded subdivision map delineating the defendants' property.
The court finds that, although there are errors in the original subdivision map, there was no showing made which would persuade the court that an adjustment should be made to the defendants' boundaries to rectify the errors regarding the plaintiffs' property.
The plaintiffs claim that they are entitled to a judgment quieting title in them to the disputed property based on adverse possession.
The defendants claim they are entitled to a judgment quieting title in them to their property as indicated on the original subdivision map, their warranty deed, and the later survey by George Firth, which survey agreed with the recorded subdivision map. CT Page 2663
In order for the plaintiffs to prevail, it was incumbent upon them to prove by clear and convincing evidence that they ousted the defendants of possession of the disputed area, openly, notoriously, hostilely and under a claim of right for a period in excess of 15 years.
The plaintiffs have failed to persuade the court by clear and convincing evidence that they openly, notoriously, hostilely and under a claim of right for a period of 15 years ousted the defendants of possession of their premises.
The court finds that the defendants used the disputed area in the ordinary course of their ownership by mowing, walking upon, trimming and for other recreational purposes.
The court expressly finds that the defendants are the record owners of Lot 46 which in all respects conforms to their deed and the original recorded subdivision map.
Accordingly, judgment may enter for the defendants on the plaintiffs' complaint and judgment may enter for the defendants on their counterclaim quieting title to their property as the same as described in their warranty deed recorded in Vol. 80 at page 139 of the Durham land records and as illustrated as Lot 46 on the subdivision map recorded in the Durham Land Records and entitled "Preliminary and Final Plan Stage Coach Village Section Four "B" Owner and Developer The Johnson Const. Co. Durham, Connecticut Scale 1" = 50' October 5, 1970."
Costs of suit are awarded to the defendants.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE